Dykman, J.
This is an appeal from a decree of the surrogate of Queens county, refusing to admit the last will and testament of Bridget Harold to probate in his court. The deceased woman was a domestic in the family of Isaac N. Willets at the time of her death in November, 1887, and she had been such for. nearly 29 years. She commenced service in his family in December, 1858, and resided there continuously until her death; and on the 27th day of February, 1873, she made her will, and left the same with Mrs. Mary C. Willets, the wife of her employer, for safe-keeping, and it remained among the papers of Mr. Willets until the death of the testatrix. ’ The formalities of the statute required for the due execution of the will were all complied with, and the clause of attestation at the termination of the instrument is full and complete. The surrogate rejected the instrument, because he believed the testa *317 trix to be under restraint and undue influence at the time of its execution, and the same was procured by the undue influence of the chief beneficiaries therein.
The will gave the bulk of the estate of the testatrix to Mary C. Willets and Edwin Willets, the wife and son of her employer. The only next of kin of the deceased was Mrs. Mary Ann Banta, who was a niece, and who resided also in Queens county. The deceased was a single woman, and seems to have been well treated in the family which she served, and occupied a place somewhat above that of (in ordinary servant. She desired to make a will, and the attendance of the scrivener for that purpose was procured by her request, and she saw him alone, and gave him directions for drawing the same, and when it was executed the attendance of a disinterested and independent witness was obtained, and no fraud or collusion between the person who drew the will, and became one of the subscribing witnesses, and the other witness, became apparent on the hearing, and no reflection was made against their character or reputatiqn. Neither was there any sign of influence by any member of the family of tier employer, but the will seems to have been the result of the free and uncontrolled intention and desire of the testatrix. Neither do we find that an implication of undue influence would be justified or legitimately inferred from the relation which existed between the testatrix and the chief objects of her bounty; but, even if such an inference could be drawn, the facts disclosed upon the trial before the surrogate were sufficient to destroy and overcome the same. The testatrix lived about 14 years after the execution of her will, and, if any temporary ascendency or domination over her had been obtained, she had ample time for reflection and escape. The fact that the will was left so long after its execution unchanged and undisturbed is cumulative evidence in favor of the deliberate purpose of the testatrix in its execution. Neither do we find it unnatural for the testatrix to bestow her little property upon the woman with whom she was so long associated, and from whom she had received kind treatment, instead of a niece, whom she seldom saw, and towards whom she had manifested no attachment.
We think the decree appealed from should be reversed, and the will admitted to probate.
Pratt, J., concurs. Barnard, P. J., dissents.